IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

2014 OCT -6 PM 2: 41

| | |
|---|---|
| PROSPER INTERNATIONAL, INC., d/b/a WIRELESS SOLUTIONS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 2014-476 |
| CRICKET COMMUNICATIONS, INC., ) ) | |
| Defendant. ) | |

## COMPLAINT

Comes the Plaintiff, Prosper International, Inc., d/b/a Wireless Solutions, by and through its attorney, and would show unto the Court the following:

1. The Plaintiff, Prosper International, Inc., d/b/a Wireless Solutions, hereinafter ("Prosper International"), is a Georgia corporation registered to do business in the State of Tennessee with its principle office in Fort Oglethorpe, Georgia. At all times mentioned herein, the Plaintiff, Prosper International, is in the business of selling wireless phones and plans for the Defendant, Cricket Communications, Inc., pursuant to a dealer agreement. The Plaintiff, Prosper International, had locations in Tennessee and Georgia. At all times mentioned herein, the Plaintiff, Prosper International, had been in a business relationship with Cricket Communications, Inc., for approximately nine (9) years.

2. At all times mentioned herein, the Defendant, Cricket Communications, Inc., hereinafter ("Cricket") is a Delaware corporation registered to do business in the State of Tennessee. The Defendant, Cricket, has its principle office at 5887 Copley Drive, San Diego, California 92111-7906; however, process with regard to the Defendant, Cricket, may be served on its registered agent, C T Corporation System, 800 South Gay Street, Suite 2021, Knoxville,

Tennessee 37929-9710. At all times mentioned herein, Cricket is a corporation which otherwise provides mobile phone devices, plans and ancillary services across the United States. Additionally, at all times mentioned herein, the Defendant, Cricket, has been in a dealer relationship with the Plaintiff, Prosper International, for approximately nine (9) years.

3. The Plaintiff would show unto the Court that on or about January 1, 2011, the Plaintiff, Prosper International, and the Defendant, Cricket, entered into an Amended and Restated Dealer Agreement. A copy of the Amended and Restated Dealer Agreement cannot be attached hereto because it has been deemed by the Defendant, Cricket, that said Agreement is Cricket's confidential information. However, a copy of said Agreement will be provided and filed with the Court once an Order has been entered to that effect.

4. The Plaintiff would show unto the Court that the Amended and Restated Dealer Agreement hereinafter ("Agreement"), provides that same be construed in accordance with and governed by the laws of the State of Tennessee. Additionally, the Agreement provides for venue in the Circuit Court for Williamson County, Tennessee, and as such, jurisdiction and venue is proper in this Court.

5. The Dealer Agreement provides that all disputes arising out of said Agreement shall be resolved by arbitration. However, the Agreement explicitly mentions that any breach of obligations confidentiality and non-competition can be brought in this Court, and be construed in accordance with, and shall be governed by the laws of the State of Tennessee. As such, this cause of action is hereby brought the Defendant, Cricket's violation of obligations of confidentiality and non-competition.

6. The Plaintiff would show unto the Court that pursuant to Section 5(b)(6) of the Agreement, which in pertinent part stated that, "dealer shall not sell, assign (which includes an

assignment defined by Section 11(b)), sublease, license, or otherwise transfer all or any part of the dealer's interests in the lease or permit the retail location to be occupied by anyone other than dealer without Cricket's prior written consent, which may be withheld at Cricket's sole discretion". Moreover, Section 11(b) of the Agreement, in pertinent part, reaffirms Section 5(b)(6), by stating that, "Dealer shall not sell, assign, sublicense or transfer this agreement or any of its rights or obligations hereunder without Cricket's prior written consent, which may be withheld at Cricket's sole discretion".

7. That on or about October 9, 2013, the Plaintiff sought consent from Cricket as to the anticipated sale of six (6) of its locations. In response to the Plaintiff's request for consent, the Defendant, Cricket, responded by correspondence dated October 16, 2013, unilaterally, arbitrarily and capriciously, advising the Plaintiff that the Defendant, Cricket, would terminate the Agreement as to all eleven (11) stores/locations, which the Plaintiff was then operating.

8. The October 16, 2013 correspondence, relied on Section 9 (a) of the Agreement, which otherwise affords, in this case, the Defendant, Cricket, unilateral right to terminate the Agreement in its entirety, or as to one (1) or more locations.

9. After said termination, the Defendant invoked Section 8 (g), of the Agreement, which provides for a non-compete period of six (6) months following termination. More specifically, the Agreement provides that "Dealer covenants and agrees that during the Term of this Agreement, and for a period of at least six (6) months following any termination or expiration of this Agreement, Dealer shall not, and will cause its owners, shareholders, members, officers, partners and directors ("Affiliated Persons") and any entity in which an Affiliated Person owns an interest ("Affiliated Entity"), not to directly or indirectly (including by licensing) engage or participate in, or acquire, manage, operate, control, or participate in the management,

operation, or control of, either alone or jointly, any entity that engages in the business of sale, resale or distribution of any wireless telephone or wireless internet data service, including, without limitation, any other wireless phone, or wireless internet service, or service plan that offers unlimited local and/or long distance and/or unlimited wireless internet service for a flat price, within two (2) mile radius of any dealer's Cricket store locations."

10. The Plaintiff would show unto the Court that prior to the termination of Dealer Agreement with the Plaintiff, the Defendant proceeded to open a Cricket store location within two (2) miles of the Plaintiff's Fort Oglethorpe, Georgia location, which was one of the Plaintiff's profitable store. This action of the Defendant, Cricket, was calculated to otherwise invoke the non-compete provision, and to otherwise monopolize trade and to restrain the Plaintiff from engaging in meaningful trade. In addition to the forgoing location, the Defendant, Cricket, also undertook opening another location within two (2) miles of the Plaintiff's location in Chattanooga, Tennessee, with the intent to otherwise invoke the non-compete provision of the Agreement such that the Defendant would then be able to monopolize the trade, and restrain the Plaintiff from any meaningful trade.

11. The Plaintiff would show unto the Court that as a result of the Defendant's actions of unilaterally terminating the Plaintiff Dealer Agreement, coupled with the non-compete provision and the conduct of the Defendant as described herein, the Plaintiff has been injured and financially damaged, and the Defendant has otherwise acted in furtherance of the following:

a. It fixed and maintained prices, terms, and conditions of the sale of wireless phones and internet data services.

b. It fixed and maintained prices, terms, and conditions for the sale of goods and services in the marketplace.

4

c. It diminished competition and interstate commerce in violation of the Sherman Anti-Trust Act, and more specifically, 11 U.S.C. §'s 1 and 2, "an act to protect trade and commerce against unlawful restraint and monopoly," and also amended by the Robinson-Patman Act, 15 U.S.C. §'s 13 and 3, and the Clayton Act, 15 U.S.C. § 14.

In addition to the forgoing, the Defendant also compelled the Plaintiff to execute assignment rider to Lease Agreement, which otherwise provided the Defendant unilateral right to acquire the Plaintiff's stores by exercising said rider after invoking its unilateral and arbitrary right to terminate the Dealer Agreement, and to invoke the non-compete provision of the Agreement.

12. That the forgoing acts of the Defendant to open stores in close proximity to the profitable stores operated by the Plaintiff, then to unilaterally and arbitrarily terminating the Agreement and then to invoke the non-competition clause and utilize the lease rider to acquire ownership, is otherwise a continuing pattern, and the Defendant has otherwise engaged in monopolizing the sale of various goods and services, exclusive to certain dealers for which there is a substantial effect on interstate commerce, which otherwise renders the Defendant liable for violations of the Sherman Act, which was otherwise enacted for the prevention of restraint of free competition in business and commercial transactions, which have tended to restrict production, raise prices, and otherwise control the market to the detriment of purchasers or consumers of goods and services, all of which have been regarded as a form of public injury.

13. That as a result of the forgoing acts of the Defendant, through its agents, servants and employees, the Plaintiff has been injured and financially damaged by the Defendant, for which the Plaintiff should be awarded damages.

**WHEREFORE**, the Plaintiff demands:

1. That the Defendant be served with process and be required to answer this Complaint within the time required by law, but not under oath, its oath being waived.

2. That a Declaratory Judgment of this Court be entered declaring that the actions taken by the Defendant, Cricket, through its agents, servants, and employees, restrict, and/or otherwise restrain the trade of furnishing mobile phone services and mobile phone related services, and should be declared illegal and void.

3. That the Plaintiff be awarded such compensatory damages inclusive of costs and attorney fees to which it may be entitled under the law and evidence not to exceed TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00).

4. That a jury determine the issues of this cause.

5. That the Plaintiff be granted such further and general relief to which it may be entitled under the law and evidence, including, but not limited to, the costs of suit, including reasonable attorney fees, for which the Plaintiff also herein sues. That the Court grant such other, further, and general relief as it may deem just and proper under the law and evidence.

PROSPER INTERNATIONAL, INC., d/b/a
WIRELESS SOLUTIONS

BY: _____
Ameesh A. Kherani, BPR 030218
David H. Dunaway, BPR 0491
Attorneys for Plaintiff
100 S. Fifth Street
Post Office Box 280
LaFollette, Tennessee 37766
LaFollette: 423/562-7085
Knoxville: 865/524-3670